IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ApexTurbo LLC | |
| Plaintiff, | Civil Action No. ___-cv-_____ |
| v. | |
| Apex Diesel d/b/a Apex Diesel Performance and also d/b/a as Apex Diesel Performance & Machine, Apex Diesel Specialists LLC, Dustin Harrison, and Matthew Harrison, | Jury Trial Demanded |
| Defendants. | |

**COMPLAINT FOR
PATENT INFRINGEMENT**

Plaintiff ApexTurbo, LLC ("Plaintiff" or "ApexTurbo") files this complaint against Defendants Apex Diesel d/b/a Apex Diesel Performance, Apex Diesel Specialists LLC, Dustin Harrison, and Matthew Harrison (collectively, "Defendants") for infringement of U.S. Patent Numbers 10,914,231, 10,982,677, and 11,598,294 (collectively, the "Patents-in-Suit," attached as Exhibits 1, 2, and 3 respectively) based upon Defendants' unauthorized manufacture, use, offer for sale, sale, and/or importation of the infringing products identified herein.

**THE PARTIES**

1.   Plaintiff ApexTurbo, LLC ("ApexTurbo") is a Michigan limited liability company with a principal place of business at 1706 Covell Rd., Dundee, MI.

1

2. Defendant Apex Diesel d/b/a Apex Diesel Performance and also d/b/a/ Apex Diesel Performance & Machine ("Apex Diesel") is a Pennsylvania company with a principal place of business at 12348 Atlantic Rd., Atlantic, PA 16111. Ex. 4.

3. Defendant Apex Diesel Specialists LLC is a Pennsylvania limited liability company. Ex. 4. On information and belief, Defendant Apex Diesel Specialists LLC is affiliated with or is the registered business name for Apex Diesel.

4. On information and belief, Defendant Dustin Harrison is an owner of Apex Diesel and a resident of Pennsylvania. Ex. 4. On information and belief, Defendant Dustin Harrison also controls business operations of Apex Diesel as an owner of the fictitious name and business. On information and belief, Defendant Dustin Harrison actively oversees the manufacture and sale of Apex Diesel's products.

5. On information and belief, Defendant Matthew Harrison is an owner of Apex Diesel and a resident of Pennsylvania. Ex. 4. On information and belief, Defendant Matthew Harrison also controls business operations of Apex Diesel as an owner of the fictitious name and business. On information and belief, Defendant Matthew Harrison actively oversees the manufacture and sale of Apex Diesel's products.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States (Title 35 of the United States Code) and as a result this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (jurisdiction over patent actions).

7. This Court has personal jurisdiction over Defendants in accordance with due process and/or the Pennsylvania Long Arm Statute because, among other activities, Apex

Diesel Specialists LLC is a registered as a business in Pennsylvania and Defendants all have a place of business in this judicial district and conduct business in Pennsylvania directly and/or through its operating companies and intermediaries, by shipping, distributing, using, offering for sale, selling, and/or advertising products and services in the United States, the state of Pennsylvania, and Western District of Pennsylvania, including, but not limited to, the accused products identified below. Upon information and belief, Defendants have committed acts of patent infringement, in the state of Pennsylvania and in the Western District of Pennsylvania. Defendants solicit and have solicited customers in the state of Pennsylvania and in the Western District of Pennsylvania. Defendants have paying customers who are residents of the state of Pennsylvania and the Western District of Pennsylvania, and who use and have used the Apex Diesel's products and services in the state of Pennsylvania and in the Western District of Pennsylvania.

8. This Court also has personal jurisdiction over Apex Diesel Specialists LLC because Apex Diesel Specialists LLC is a registered as a business in Pennsylvania, and because all of the Defendants conduct business in this judicial district and have engaged in activities related to ApexTurbo's claims of federal patent infringement that establish minimum contacts with the state of Pennsylvania, including having committed acts of patent infringement in this judicial district.

9. Venue is proper in this district under 28 U.S.C. § 1400(b) for ApexTurbo's patent infringement causes of action because Defendants maintain a regular and established place of business in the state of Pennsylvania and/or in this judicial district at 12348 Atlantic Rd., Atlantic, PA 16111, and have committed acts of patent infringement

in the state of Pennsylvania and in this judicial district.  Also, Apex Diesel Specialists LLC is registered as a limited liability company in Pennsylvania, and has committed acts of patent infringement in the state of Pennsylvania and in this judicial district.

## PLAINTIFF'S PATENTS

10. U.S. Patent No. 10,914,231 ("the '231 Patent") entitled "Hub-Less and Nut-Less Turbine Wheel and Compressor Wheel Design for Turbochargers" was issued by the U.S. Patent and Trademark Office ("USPTO") on February 9, 2021, and names Ryan Harold Salenbien as the sole inventor. The '231 Patent is attached as Exhibit 1.

11. ApexTurbo is the owner of the '231 Patent.

12. The '231 Patent is valid, enforceable, and in full force and effect.

13. U.S. Patent No. 10,982,677 ("the '677 Patent") entitled "Hub-Less and Nut-Less Turbine Wheel and Compressor Wheel Design for Turbochargers" was issued by the USPTO on April 20, 2021, and names Ryan Harold Salenbien as the sole inventor. The '677 Patent is attached as Exhibit 2.

14. ApexTurbo is the owner of the '677 Patent.

15. The '677 Patent is valid, enforceable, and in full force and effect.

16. U.S. Patent No. 11,598,294 ("the '294 Patent") entitled "Hub-Less and Nut-Less Turbine Wheel and Compressor Wheel Designs and Installation/Removal Tool" was issued by the USPTO on March 7, 2023, and names Ryan Harold Salenbien as the sole inventor. The '294 Patent is attached as Exhibit 3.

17. ApexTurbo is the owner of the '294 Patent.

18. The '294 Patent is valid, enforceable, and in full force and effect.

19. ApexTurbo's products, including its turbochargers and compressor wheels for turbochargers and other forced induction systems for internal combustion engines, practice claims of the Patents-in-Suit.

20. ApexTurbo includes patent number markings on its patented products thereby providing constructive notice to the public and competitors of its patent rights.

## DEFENDANTS' ACTIVITIES

21. Defendants make, use, import, distribute, supply, market, offer for sale, and/or sell products that infringe one or more claims of the Patents–in–Suit including, but not limited to, Apex Diesel branded turbochargers and compressor wheels for turbochargers, including without limitation, the Apex Diesel 3x3.5" Ball Bearing 1.25 T4 Turbo, the Apex Diesel 2.6 Smooth Bore Boreless S400 Turbo, and Apex Diesel 3.0 Smooth Bore Boreless S400 Turbo, and similar Apex Diesel turbochargers and compressor wheels that lack a nut at the leading end of the compressor wheel (hereafter "the Accused Products").

22. On June 2, 2023, ApexTurbo's patent counsel sent a letter to Defendants explaining how the Apex Diesel turbochargers infringe one or more claims of the Patents-in-Suit. Ex. 5.

23. The June 2, 2023 letter identified each of the Patents-in-Suit, included exemplary claim charts explaining how Apex Diesel branded turbochargers infringe, and demanded that Defendants immediately cease "all advertisements, manufacture, distribution, and sale" of certain turbocharger products. *Id.*

24. After Defendants received the letter of June 2, 2023, counsel for ApexTurbo was contacted by counsel for Apex Diesel.

25. On June 14, 2023, counsel for Apex Diesel represented to patent counsel of ApexTurbo that Apex Diesel "has agreed to redesign their turbochargers to not infringe any claims of the '231 patent as well as those of Patent Nos. 10,982,677 and 11,598,294." Ex. 6.

26. After this exchange between counsel for the parties, Defendants changed the photographs used in product listings on their website (https://apexdieselperformance.com/) for at least the Apex Diesel 2.6 Smooth Bore Boreless S400 Turbo to only include side views with no head on view showing the leading end (i.e., nose) of the compressor wheel. Ex. 7.

27. On information and belief, this change to the website was deliberately made to obfuscate Defendants' continued advertisement and sale of infringing turbochargers.

28. Contrary to the representations of its attorney, Apex Diesel as well as the other Defendants continues to infringe the Patents-in-Suit.

29. By way of example and without limitation, Apex Diesel sold an infringing Apex Diesel 3x3.5" Ball Bearing 1.25 T4 Turbo to Ben Anderson on August 6, 2024 for $4,560.00. Ex. 8.

30. Photographs of this infringing Apex Diesel 3x3.5" Ball Bearing 1.25 T4 Turbo are attached as Exhibit. 9.

31. ApexTurbo brings this lawsuit to put a stop to Defendants' infringing activities.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NUMBER 10,914,231

32. ApexTurbo incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

33. As described below, in violation of at least 35 U.S.C. § 271(a), Defendants infringe and/or have infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claims 1 and 13 of the '231 Patent by importing, making, using, offering to sell, and/or selling products accused of infringing the '231 Patent in the United States without a license or permission from ApexTurbo, including and without limitation the Accused Products.

34. Claim 1 of the '231 Patent reads as follows:

> 1. A turbocharger for an internal combustion engine, comprising:
>    a housing;
>    a shaft rotatable with respect to the housing and defining a centerline;
>    a turbine wheel mounted to the shaft and disposed within the housing;
>    a compressor wheel mounted to the shaft and disposed within the housing; and
>    at least one of the turbine wheel and the compressor wheel having a plurality of blades with leading edges that converge at an apex that is aligned with the centerline,
>    wherein the leading edges of the plurality of blades extend helically from an inboard point to an outboard point,
>    wherein the shaft has a radius and the inboard points of the leading edges are positioned closer to the centerline than the radius of the shaft.

35. As shown in the claim charts attached as Exhibit 10, the Accused Products directly infringe at least claim 1 of the '231 Patent under 35 U.S.C. § 271(a) because the Accused Products possess each and every element of claim 1 of the '231 Patent.

36. Claim 13 of the '231 Patent reads as follows:

> 13. A compressor wheel for mounting on a shaft, comprising:
>    a body extending along a centerline between a leading end and a trailing end, the body having an outer circumference that is radially spaced from the centerline by a compressor radius and a bore having a threaded portion with a radius that is sized to receive the shaft; and
>    a plurality of compressor blades positioned on the body, the plurality of compressor blades having leading edges that converge at a compressor apex located at the leading end of the body, wherein the compressor apex is aligned with the centerline,

>wherein the leading edges of the compressor blades extend helically from an inboard point at the compressor apex to an outboard point,
>wherein the inboard points of the leading edges are positioned closer to the centerline than the radius of the threaded portion of the bore.

37. As shown in the claim charts attached as Exhibit 10, the Accused Products directly infringe at least claim 13 of the '231 Patent under 35 U.S.C. § 271(a) because the Accused Products possess each and every element of claim 13 of the '231 Patent.

38. ApexTurbo has been damaged as a result of the infringing conduct by Defendants alleged above, including, without limitation, lost profits. At a minimum, Defendants are liable to ApexTurbo in an amount that compensates ApexTurbo for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39. Defendants' infringement of the '231 Patent has caused, and will continue to cause, ApexTurbo to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

40. Defendants have been on notice of and has had actual knowledge of the '231 Patent and its infringement of the '231 Patent since at least as early as receiving ApexTurbo's notice letter dated June 2, 2023.

41. Defendants' infringement of the '231 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of ApexTurbo's rights. Defendants' willful infringement entitles ApexTurbo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,982,677

42. ApexTurbo incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

43. As described below, in violation of at least 35 U.S.C. § 271(a), Defendants infringe and/or have infringed, literally or under the doctrine of equivalents, at least claim 11 of the '677 Patent by importing, making, using, offering to sell, and/or selling the Accused Products in the United States without a license or permission from ApexTurbo.

44. Claim 11 of the '677 Patent reads as follows:

> 11. A compressor wheel for a turbocharger, comprising:
> a body extending along a centerline between a leading end and a trailing end, the body having an outer circumference that is radially spaced from the centerline by a compressor radius;
> an exducer plate extending from the trailing end of the body;
> a plurality of compressor blades positioned on the body, the plurality of compressor blades having leading edges that converge at a compressor apex located at the leading end of the body, wherein the compressor apex is aligned with the centerline; and
> at least one through bore, extending through the compressor wheel at a location that is offset from the centerline of the shaft, that is configured to receive a fixation member comprising one of a dowel pin, set screw, fastener, or tool.

45. As shown in the claim charts attached as Exhibit 10, the Accused Products directly infringe at least claim 11 of the '677 Patent under 35 U.S.C. § 271(a) because the Accused Products possess each and every element of claim 11 of the '677 Patent.

46. ApexTurbo has been damaged as a result of the infringing conduct by Defendants alleged above, including, without limitation, lost profits. At a minimum, Defendants are liable to ApexTurbo in an amount that compensates ApexTurbo for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47. Defendants' infringement of the '677 Patent has caused, and will continue to cause, ApexTurbo to suffer substantial and irreparable harm unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

48. Defendants have been on notice of and have had actual knowledge of the '677 Patent and its infringement of the '677 Patent since at least as early as receiving ApexTurbo's notice letter dated June 2, 2023.

49. Defendants' infringement of the '677 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of ApexTurbo's rights. Defendants' willful infringement entitles ApexTurbo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 11,598,294

50. ApexTurbo incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

51. As described below, in violation of at least 35 U.S.C. § 271(a), Defendants infringe and/or have infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claims 1 and 10 of the '294 Patent by importing, making, using, offering to sell, and/or selling the Accused Products in the United States without a license or permission from ApexTurbo.

52. Claim 1 of the '294 Patent reads as follows:

> 1. A forced induction device for an internal combustion engine, comprising:
>     a compressor wheel having an internally threaded bore;
>     a shaft extending co-axially about a centerline, the shaft having a threaded end that threads into the internally threaded bore of the

> compressor wheel to threadably mount the compressor wheel to the shaft;
> at least one through bore extending through the compressor wheel at a location that is offset from the centerline of the shaft; and
> a tool including at least one post that is configured to be received in the through bore in the compressor wheel so as to temporarily lock the tool in rotation with the compressor wheel and allow the compressor wheel to be rotated relative to the shaft during installation and removal of the compressor wheel.

53. As shown in the claim charts attached as Exhibit 10, the Accused Products directly infringe at least claim 1 of the '294 Patent under 35 U.S.C. § 271(a) because the Accused Products possess each and every element of claim 1 of the '294 Patent.

54. Claim 10 of the '294 Patent reads as follows:

> 10. A forced induction device for an internal combustion engine, comprising:
> a shaft extending co-axially about a centerline;
> a compressor wheel threadably mounter to the shaft;
> a turbine wheel mounted to the shaft;
> a housing that includes a turbine section for housing the turbine wheel and a compressor section for housing the compressor wheel, wherein the shaft is rotatably supported by the housing;
> at least one through bore extending through the compressor wheel at a location that is offset from the centerline of the shaft; and
> a tool including at least one post that is configured to be received in the through bore in the compressor wheel so as to temporarily lock the tool in rotation with the compressor wheel and allow the compressor wheel to be rotated relative to the shaft during installation and removal of the compressor wheel.

55. As shown in the claim charts attached as Exhibit 10, the Accused Products directly infringe at least claim 10 of the '294 Patent under 35 U.S.C. § 271(a) because the Accused Products possess each and every element of claim 10 of the '294 Patent.

56. ApexTurbo has been damaged as a result of the infringing conduct by Defendants alleged above, including, without limitation, lost profits. At a minimum, Defendants are liable to ApexTurbo in an amount that compensates ApexTurbo for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57. Defendants' infringement of ApexTurbo's '294 Patent has caused, and will continue to cause, ApexTurbo to suffer substantial and irreparable harm unless Apex Diesel is enjoined by this Court pursuant to 35 U.S.C. § 283.

58. Defendants' have been on notice of and have had actual knowledge of the '294 Patent and its infringement of the '294 Patent since at least as early as receiving ApexTurbo's notice letter dated June 2, 2023.

59. Defendants' infringement of the '294 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of ApexTurbo's rights. Defendants' willful infringement entitles ApexTurbo to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

ApexTurbo demands a trial by jury on all issues triable of right by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

ApexTurbo respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) judgment and order that Defendants have infringed one or more claims of each of the Patents-in-Suit;

(ii) judgment and order that Defendants must pay ApexTurbo past and future damages under 35 U.S.C. § 284, including damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment, together within an accounting, as needed, as provided under 35 U.S.C. § 284;

(iii) judgment and order that Defendants must pay ApexTurbo reasonable and ongoing royalties and/or lost profits or other damages on a go-forward basis after final judgment;

(iv) permanent injunction prohibiting Apex Diesel from further infringement of the infringed claims of the Patents-in-Suit;

(v) judgment and order that Defendants' patent infringement has been willful;

(vi) judgment and order that all damages awarded to ApexTurbo for Defendants' patent infringement be trebled pursuant to 35 U.S.C. § 284;

(xi) judgment and order that Defendantsmust pay ApexTurbo's costs; and

(xii) judgment and order that this Court find this case exceptional and order Defendants to pay ApexTurbo's attorneys' fees.

DATED: May 5, 2025

Respectfully submitted,

/s/ Ralph G. Fischer

Ralph Fischer
PA 200793
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-392-2121
ralph.fischer@bipc.com

J. Bradley Luchsinger
(*pro hac vice* forthcoming)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600
bluchsinger@harnessip.com

Christopher R. Clayton
(*pro hac vice* forthcoming)
HARNESS, DICKEY & PIERCE, P.L.C.
7700 Bonhomme, Suite 200
Clayton, MO 63105
314-446-7668
cclayton@harnessip.com

*Counsel for Plaintiff ApexTurbo, LLC*

14